By the couut.
If there were no oljection to the declaration, nor to the evidence given to prove the promise of the deiendant to pay the plaintiff £35, per annum, for his wife’s board, yet this verdict could not be supported, because the amount found comprehends interest as well as principal, and ihe verdict does not clearly ex. press how-much is found by v -• of ¡merest, and how muchas principal: and it cannot be toilet tad from the terms of the verdict, or from any data therein given, what part of the aggregate stjm found, was meant to he found by way of interest, The inter* *406 esl cannot be released, because it is not ascertained. Interest could not legally be found; for there is no contract in regard to interest stated ¿n the declaration, nor any contract which could carry interest. The jury, therefore, were not authorized to find any thing on score 0f interest. The verdict being evidently erroneous, and incapable of amendment by the court, must be set aside, and a new trial granted.
Grimke, and Brevakd, Justices, expressed a further opinion, on another ground, which Tkezevamt, J. did not join in, conceiving it unnecessary, viz. that Mrs. De Bruhl’s evidence was properly admitted, in maintenance of the general counts upon indebitalus assumpsit. That the only ground upon which the evidence could have been objected to at the trial, would have been that of surprise; that not being apprised by the declaration, that proof of the nature produced would be offered, to prove a special agreement, the party was not prepared to resist it. But this, it seems, was not pretended ; and therefore the objection could not prevail. Undoubtedly where the special agreement is the essential ground of action, it ought to be set forth in the declaration, and proved as laid. But in this case no such special agreement was stated, and there, fore none was necessary to be proved. If the evidence offered would be good only to maintain a special agreement, then it ought not to have been admitted, unless the special agreement was stated in the declaration : but if it was such as would be good to support an implied undertaking, as in this case, for necessaries to a wife, it was admissible and proper. The declaration in this case was for necessaries furnished to the defendant’s wife; the evi lence went to prove an express promise to pay for such necessaries. This express promise was not the essential ground of contract Stated ; but without it, the law would imply such a promise, and therefore the evidence was properly admitted. Whether such a promise could be implied under the circumstances of this case, Where the wife had eloped, or was parted from her husband, after committing adultery, would depend on the facts to be found by the jury. 1 Esp. Dig. 140,138.
Present, Gkimke, Tkezevant, and Brevakd, Justices.
Note. See 7 Johns. 132, where the plaintiff declares on a special agreement, and attempts to recover thereon, but falls altogether, he may recover on a general count, if the case be such, that if there had been no special agreement, he might recover for money had, and received, &e.